## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Raymond P. Moore

Civil Action No. 1:18-cv-02184-RM-SKC

NATHAN BLOSE, and
STEPHANIE ROSVALL, on behalf of themselves and those similarly situated,

    Plaintiffs,

v.

JARINC, LTD d/b/a Domino's Pizza,
JOSEPH ROMANO,
PATRICK ROMANO,
JOHN DOE CORPS. 1-10, and
JOHN DOES 1-10,

    Defendants.

---

## ORDER
---

    Plaintiffs bring this case under the Fair Labor Standards Act ("FLSA") on behalf of themselves and similarly situated individuals who worked as pizza delivery drivers at stores operated by Defendants. The Court previously granted the parties' joint motion for an initial ruling regarding the proper standard for determining minimum wage compliance in the context of pizza delivery drivers, to be followed, if necessary, by another round of motions for summary judgment once discovery is complete. (*See* ECF No. 103.) Plaintiffs then filed a motion for partial summary judgment (ECF No. 105) and Defendants filed a cross-motion for declaratory partial summary judgment (ECF No. 107). The motions have been briefed, and both parties have filed notices of supplemental authority (ECF Nos. 111, 112, 113, 114, 115, 121, 126, 127.) Plaintiffs have also filed a motion for leave to submit supplemental briefing (ECF No. 129),

which has been briefed as well (ECF Nos. 130, 131). For the reasons below, the Court grants Defendant's motion and denies Plaintiffs' motions.

## I.     LEGAL STANDARD

Generally, summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). In this case, however, the Court is deciding a purely legal issue; the question of whether there exists a genuine dispute of material fact is for another day.

## II.    BACKGROUND

Plaintiffs allege Defendants failed to adequately reimburse them for their vehicle expenses in violation of the FLSA and state law. The purpose of the current motions is for the Court to determine the proper standard for assessing whether Defendants have met their FLSA obligations. Plaintiffs argue Defendants were required to pay them their actual expenses or reimburse them at the rate set by the Internal Revenue Service ("IRS"). Defendants argue that they may reasonably approximate those expenses.

No authority that is binding on this Court establishes the proper standard. Courts in this district have accepted and applied the reasonable approximation standard. *See, e.g.*, *Kennedy v. Mountainside Pizza, Inc.*, No. 19-cv-01199-CMA-STV, 2020 WL 5076756 (D. Colo. Aug. 26, 2020); *Koral v. Inflated Dough, Inc.*, No. 13-cv-02216-WYD-KMT, 2014 WL 4904400, at *4 (D. Colo. Sept. 29, 2014); *Smith v. Pizza Hut, Inc.*, No. 09-cv-01632, 2011 WL 2791331, at *4

(D. Colo. July 14, 2011) (unpublished); *Darrow v. WKRP Mgmt., LLC*, No. 09-cv-06513-CMA-BNB, 2011 WL 2174496, at *5 (D. Colo. June 3, 2011).

District courts from other jurisdictions have applied both standards. *Compare Hatmaker v. PJ Ohio*, LLC, No. 3:17-cv-146, 2019 WL 5725043, at *7 (S.D. Ohio Nov. 5, 2019) (holding that "[a]s a matter of law, the proper measure of minimum wage compliance for pizza delivery drivers is to either (1) track and pay delivery drivers' actual expenses or (2) pay the mileage reimbursement rate set by the Internal Revenue Service"), *with Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 712 (E.D. Mo. 2015) (stating that "the regulations allow an employer to reasonably approximate the amount of an employee's vehicle expenses without affecting the amount of the employee's wages for purposes of minimum wage compliance"). The most recent case from this district expressly declined to adopt the rationale in *Hatmaker*. *Kennedy*, 2020 WL 5076756, at *4.

### III.   ANALYSIS

The FLSA requires minimum wages to be paid "free and clear" of job-related expenses. 29 C.F.R. § 531.35. The FLSA's anti-kickback regulation prohibits payment arrangements that shift part the employer's business expense to its employees when doing so reduces an employee's wages below the statutory minimum. *See id.*; *see also Hatmaker*, 2019 WL 5725043, at *2. However, FLSA regulations do not set forth a methodology for calculating mileage rates or provide any other guidance on determining how vehicle expenses should be reimbursed. Faced with this ambiguity, some courts have deferred to the Department of Labor ("DOL") Field Operations Handbook. Section 30c15 of the DOL Handbook, "Car expenses: employee's use of personal car on employer's business," provides, in pertinent part, as follows:

> In some cases it is necessary to determine the costs involved when employees use their cars on their employer's business in order to determine minimum wage

> compliance. For example, car expenses are frequently an issue for delivery drivers employed by pizza or other carry-out type restaurants.
>
> (a)   *As an enforcement policy*, the IRS *standard business mileage rate* . . . may be used (in lieu of actual costs and associated recordkeeping) to determine or evaluate the employer's wage payment practices for FLSA purposes. The IRS business mileage rate . . . represents depreciation, maintenance and repairs, gasoline (including taxes), oil, insurance, and vehicle registration fees.

*See, e.g.*, *Hatmaker*, 2019 WL 5725043, at *4; *Burton v. DRAS Partners, LLC*, No. 2019-CV-02949, 2019 WL 5550579, at *3 (N.D. Ill. Oct 27, 2019); *Zellagui v. MCD Pizza, Inc.*, 59 F. Supp. 3d 712, 716 (E.D. Penn. 2014).

However, the DOL Handbook is not binding authority and, as noted in *Kennedy*, expressly states that "[i]t is not used as a device for establishing interpretive policy." 2020 WL 5076756, at *5 (quotation omitted). Further, the reasonable approximation standard has acquired traction in district courts around the country. *See, e.g.*, *Tyler v. JP Operations, LLC*, 342 F. Supp. 3d 837, 848 (S.D. Ind. 2018); *Perrin*, 114 F. Supp. 3d at 712; *Wass v. NPC Int'l, Inc.*, 688 F. Supp. 2d 1282, 1287 (D. Kan. 2010).

The basis for this standard comes from 29 C.F.R. § 778.217, which expressly pertains to how reimbursements are treated for calculating overtime rates. Section 778.217 describes a variety of expenses that are not considered part of an employee's regular rate and permits employers to reimburse such expenses in an amount that "reasonably approximates the expenses incurred." Courts have transplanted that standard into the context of food delivery drivers. *See Tyler*, 342 F. Supp. 3d at 848; *Perrin*, 114 F. Supp. 3d at 721-22.

Plaintiffs argue that Defendants' position comes from a line of early pizza delivery cases where the employees did not raise the issue of the DOL's guidance on this subject. (ECF No. 105 at 3.) Plaintiffs point out that in *Wass v. NPC Int'l, Inc.*, 688 F. Supp. 2d 1282, 1287 (D. Kan. 2010), the plaintiffs did not address whether the IRS rate applied (because the plaintiffs

did not reference it in their complaint), nor did the court refer to the DOL Handbook. Nonetheless, in light of the numerous courts in this district and others that have allowed employers to reasonably approximate vehicle expenses under similar circumstances, the Court finds it would not make sense to preclude Defendants from doing so here. Accordingly, the Court follows the precedents from this and other districts and holds that, as a matter of law, an employer may reasonably approximate vehicle expenses when reimbursing its employees. The question of whether Defendants' method of approximating Plaintiffs' expenses is in fact reasonable remains to be answered in this litigation.

Plaintiffs have requested leave to submit additional briefing on the *Kennedy* case and a DOL opinion letter Defendants submitted as supplemental authority. However, the Court finds even if these authorities were not considered, the result would be the same in this case. The other caselaw from this district provided Defendants with a reasonable basis for believing that approximating their drivers' vehicle expenses would hold up to judicial scrutiny.

### IV.    CONCLUSION

Therefore, the Court GRANTS Defendants' motion (ECF No. 107) and DENIES Plaintiffs' motions (ECF Nos. 105, 129).

DATED this 14th day of September, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge