**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:18-cv-02184-RM-SKC

NATHAN BLOSE, et al., on behalf of himself and those similarly situated,

      Plaintiffs,

v.

JARINC, LTD. d/b/a Domino's Pizza, et al.,

      Defendants.

---

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY SETTLEMENT APPROVAL**

---

The Court, having reviewed Plaintiffs' Unopposed Motion for Preliminary Settlement Approval (ECF No. 142) and Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 133), hereby ORDERS and ADJUDGES:

1. The Motion for Preliminary Settlement Approval (ECF No. 142), including the Settlement Agreement attached thereto as Exhibit 1, is hereby GRANTED.

2. Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 133) is GRANTED.

3. Under Fed. R. Civ. P. 23(b)(3), the following Proposed Class is certified for settlement purposes:

      All current and former "traditional" delivery drivers employed from August 24, 2015 to December 31, 2020 at Defendants' Domino's stores owned, operated, and/or controlled by Defendants.

And

> All current and former "on-demand" delivery drivers employed from August 24, 2015 to December 31, 2020 at Defendants' Domino's stores owned, operated, and/or controlled by Defendants.

4.  The Proposed Class is also certified, for settlement purposes, as a collective action under the Fair Labor Standards Act.

5.  For the purposes of approving the proposed settlement, the Proposed Class of delivery drivers in Colorado meets the requirements for certification of a settlement class under Rules 23(a) and 23(b)(3) of the Rules of Civil Procedure: (a) the Proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the Proposed Class; (c) certain claims of Plaintiffs are typical of the claims of members of the Proposed Class; (d) Plaintiffs and their counsel will fairly and adequately protect the interests of the Proposed Class; (e) common issues predominate over individual issues; and (f) a class action is superior to the other available methods for an efficient resolution of this controversy.

6.  For purposes of approving the proposed settlement, that the members of the Proposed Class are "similarly situated" for purposes of certification under 29 U.S.C. § 216.

7.  The Court's conditional findings are limited solely to the claims brought on behalf of the Proposed Class. The Court's findings are for purposes of certifying the Rule 23 class and the FLSA collective action for settlement purposes only and will not have any claim or issue preclusion or estoppel effects in any other case or action against Defendants, or in this case, if the settlement is not finally approved.

8.  The proposed settlement falls within the "range of reasonableness" and therefore the Court grants preliminary approval of the settlement. Based on a review of the papers

submitted by the parties, the Court finds that the settlement is the result of arms-length negotiations conducted after Class Counsel has adequately investigated the claims and became familiar with the strengths and weaknesses of those claims.

9.  The Notice of Settlement and Claim Form and procedure set forth in the Settlement Agreement for providing notice to the Class will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), adequately advises the Proposed Class of their rights under the settlement, and therefore meets the requirements of due process and is approved.

   a.  The Notice of Settlement fairly, plainly, accurately, and reasonably informs the Proposed Class of: (1) appropriate information about the nature of this Action, the definition of the class, the identity of Class Counsel, and the essential terms of the settlement, including the plan of distribution; (2) appropriate information about Plaintiffs' and Class Counsel's applications for the class representative's service payment and the Class Counsel's attorney fees and litigation costs award; (3) appropriate information about how to claim a share of the proceeds under the settlement, and about the Proposed Class member's right to appear through counsel if they desire; (4) appropriate information about how to object to the settlement or submit an opt-out request, if a Proposed Class member wishes to do so; and (5) appropriate instructions about how to obtain additional information regarding this case and settlement.

The proposed plan for mailing the Notice of Settlement and the Claim form by first class mail and email to the Proposed Class members' last known addresses is an appropriate method,

reasonably designed to reach all individuals who would be bound by the settlement, and the proposed Notice of Settlement and notice plan are the best practicable notice under the facts and circumstances of this case. Likewise, the proposed plan of allowing the Administrator to take reasonable measures to update contact information is likewise appropriate. Further, given the length of time that class members can make claims, a website regarding the settlement, as described in the Agreement, is also appropriate.

      b. The proposed Claim Form allows Proposed Class members a full and fair opportunity to submit a claim for proceeds under the Settlement. The Claim Form fairly, accurately, and reasonably informs Proposed Class members that the failure to complete and submit a Claim Form, in the manner and time specified, will constitute a waiver of any right to obtain any share of the cash proceeds under the Settlement.

10. The attorney fees associated with the Settlement, paid separately from the class settlement fund, are provisionally approved. The requested costs are also provisionally approved. The fees and costs will be approved after the final hearing occurs, taking into account any objections.

11. The proposed service awards are approved and are reasonable.

12. The Parties are ordered to carry out the settlement according to its terms.

13. A Final Fairness Hearing will be held on August 17, 2021, at 10:00 a.m., in Courtroom A601 of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, CO 80294, before the Honorable Raymond P. Moore. Any objectors wishing to be heard

through themselves or counsel must comply with the terms of the Class Notice to submit

written objections and to appear at the Final Hearing to present such objections.

14. That any pleadings in support of the proposed settlement shall be filed by ten days before

the Final Fairness Hearing. In the event that the settlement is not finally approved, or

otherwise does not become effective, the Parties shall revert to their respective positions

as of before entering into the settlement as set forth in the Parties' settlement agreement.

DATED this 18th day of February, 2021.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge